McKinney, J.,
delivered the opinion of the Court.
This was an action of forcible entry and detainer, brought by Newsom against Scott in the Circuit Court of Fayette. Judgment was for the plaintiff, and the defendant prosecuted an appeal in error. The material facts are admitted to be correctly stated in a special plea filed by the defendant.
It appears that by a decree of the Court of Chancery at Somerville, in the case of Glenn, administrator of Ven-triss, against the heirs and creditors of the estate, the tract of land of which the plaintiff seeks to recover the possession in this action was sold by the clerk and master of the *459 Court, and was purchased by the defendant Scott. It further appears that said sale was confirmed by the Chancellor ; and upon the terms of sale being complied with, Scott, the purchaser, was invested with the legal title to said tract of land by a decree of the Chancellor; and it was ordered that a writ of possession should issue, commanding the sheriff to put Scott in possession thereof. In obedience to this mandate of the Court, the sheriff delivered the exclusive possession of the tract of land to Scott, turning the plaintiff Newsom, who was in the occupation of the same, out of possession. And to be restored to the possession of which he was ousted under the foregoing circumstances, is the object of this suit.
The plaintiff, by way of informal replication to the plea setting forth and relying on the facts above stated, simply alleged that “ he was no party to the suit of Glenn, administrator, against the heirs and creditors of Yentriss.” To this so-called replication the defendant demurred, which was overruled by the Court. The record states that an issue of fact was then made up and submitted to a jury; but what that issue was, we do not learn from the transcript before us.
The jury having found for the plaintiff, and a new trial being refused, the case has been brought to this Court.
The case comes up upon the state of the pleadings, the proof not being set out in the record; and the question is, did the Court err in overruling the demurrer to the replication ?
It is very clear that, even if the matter of the replication had been presented in proper form, it would have been no answer to the plea; and the issue tendered thereby would *460 have been wholly irrelevant and immaterial. It may be conceded that if Newsom were not a party to the suit of Glenn vs. Yentriss’s heirs and creditors, his rights or interest in the land, if any he had, would not be affected by the proceedings or decree in the cause. But that is not now the question. The substance of the plea is, that the defendant was put in possession by a ministerial officer of the law, under the authority and by the command of a Court of competent jurisdiction; and the question is, does that constitute a forcible entry and detainer within either the letter or spirit of the act of 1821, or of any subsequent act ? This question needs only to be stated: it admits of no debate. The distinction between an entry under the circumstances before stated and an entry by a party of his own wrong, and by his own mere act, without color of authority of law, is sufficiently obvious to every mind of ordinary intelligence upon a moment’s reflection.
It cannot be tolerated that the judicial tribunals of the country shall in this mode assail and annul each other’s solemn proceedings and judgments.
The act of turning the plaintiff out of possession may have been unauthorized and contrary to law because of the existence of facts not presented to the Chancellor in the record before him. If this were so, the plaintiff had an ample and summary remedy by petition to the Court, setting forth the facts, and asking to be restored to his possession; or, if he really had a superior title to the land, he might have resorted to an action of ejectment. But, if he were a mere intruder on the land, with neither title nor right of possession, he has no just cause of complaint on the ground of being turned out.
This remedy of forcible entry and detainer is greatly *461 abused and perverted from its legitimate purposes, and has, perhaps, been productive of far more numerous and serious mischiefs than it was designed to prevent. Instead of being regarded as a remedy for the redress of some, legal wrong, it would seem in many cases to be viewed rather as a proceeding intended for the special benefit of persons having no legal right. It must be restricted within its proper limits. And we hold that it is wholly inapplicable to a case like the present.
The judgment of the Circuit Court will therefore be reversed, the verdict set aside, and the demurrer to the replication will be sustained, and judgment rendered that the defendant go hence, etc.
Judgment reversed.